**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4740**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

DANIEL RAY BUIE,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:08-cr-00964-TLW-1)

Submitted:  March 31, 2011          Decided:  April 5, 2011

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Janis Richardson Hall, Greenville, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Ray Buie pled guilty to possession with intent to distribute crack cocaine and possession of a firearm during the commission of a drug trafficking offense. The district court sentenced him to 192 months' imprisonment. Buie's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court fully complied with the requirements of Federal Rule of Criminal Procedure 11 in accepting Buie's guilty plea. Buie was informed of the right to file a pro se supplemental brief, but has not done so. Finding no reversible error, we affirm.

In the absence of a motion to withdraw a guilty plea, this court reviews the adequacy of the guilty plea pursuant to Rule 11 for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court fully complied with Rule 11 in accepting Buie's guilty plea. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Buie was informed of the elements of the charges against him, the rights he gave up by pleading guilty, and the mandatory minimum and the maximum penalties he faced. The court determined that there was an adequate factual basis for the plea

2

and that Buie's plea was knowing and voluntary.  Accordingly, we affirm Buie's convictions.

We have reviewed Buie's sentence and conclude that it was properly calculated and is reasonable.  See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).  The district court followed the necessary procedural steps in sentencing Buie, properly calculated and considered the applicable guidelines range, appropriately treated the sentencing guidelines as advisory, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors in relation to Buie's criminal conduct and his individual circumstances.  On the Government's motion, the court granted a downward departure to 192 months based on Buie's substantial assistance.  We conclude that the district court did not abuse its discretion in determining Buie's sentence and that the sentence imposed is reasonable.  See Gall, 552 U.S. at 41.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Buie's convictions and sentence. This court requires that counsel inform Buie, in writing, of the right to petition the Supreme Court of the United States for further review.  If Buie requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

3

representation.  Counsel's motion must state that a copy thereof was served on Buie.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED